IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID SENICK

v.                                                                C.A. NO. 14-1911

PENSION BENEFIT GUARANTY
CORPORATION

MEMORANDUM OPINION

SCHMEHL, J.                                                    DECEMBER 8, 2014

In 2003, the Bethlehem Steel Corporation Pension Plan (the "Plan") was terminated and

defendant Pension Benefit Guaranty Corporation ("PBGC") became statutory trustee by

agreement with the Plan Administrator.  Plaintiff, a participant in the Plan, brought this action,

*pro se*, challenging the the decision of PBGC's Appeals Board that he is not entitled to additional

benefits under the Plan. PBGC has filed a motion to dismiss on the grounds of insufficient

service of process, improper venue and failure to state a claim. For the reasons that follow, the

motion will be denied and the case will be transferred to the United States District Court for the

District of Columbia, the only district in which venue is appropriate.

Title 29 U.S.C. § 1303(f) provides the "exclusive means for bringing an action against

[PBGC] under Title IV, including in its capacity as trustee." 29 U.S.C.  § 1303(f)(4). Under that

statute, any action brought by a participant or beneficiary against PBGC may only be filed in the

"appropriate court." 29 U.S.C. § 1303(f)(1). The term "appropriate court" is defined in 29 U.S.C.

§ 1303(f)(2) to mean: (A) the United States District Court before which proceedings under

section 4041 or 4042 are being conducted; (B) if no such proceedings are being conducted, the United States District Court for the judicial district in which the plan has its principal place office; or (C) the United States District Court for the District of Columbia. 29 U.S.C. § 1303(f)(2).

Venue is unavailable in this district under § 1303(f)(2)(A) because there are no pension plan termination proceedings being conducted under 29 U.S.C. §§ 1341 or 1342. In addition, the Plan was terminated by agreement between PBGC and Bethlehem Steel in 2003. Because the Plan has been terminated and transferred to PBGC as statutory trustee, the Plan no longer has a principal office in Bethlehem, Pennsylvania. Therefore, venue is unavailable in this district under 29 U.S.C. § 1303(f)(2)(B). As a result, venue is only appropriate under § 1303(f)(2)(C) or in the United States District Court for the District of Columbia. See, e.g., United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Int'l Union v. PBGC, 602 F. Supp. 2d 1115, 1119 (D. Minn. 2009); Carstens v Michigan Dep't of Treasury, 2009 WL 2581504 at *2 (W.D. Mich. July 7, 2009); Stephens v. US Airways Group, 2007 U.S. Dist. Lexis 98665 (N.D. Ohio June 28, 2007).

An appropriate Order follows.