# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| DAVID SENICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-cv-0037-ABJ |
| ) | |
| PENSION BENEFIT GUARANTY ) | |
| CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has brought suit against the Pension Benefit Guaranty Corporation (PBGC) to challenge the final decision of the Appeals Board with regard to his pension benefits.  PBGC asserts that plaintiff is not entitled to the additional benefits he seeks and has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure [Dkt. # 21].  Plaintiff has opposed the motion [Dkt. # 26].  Upon consideration of the parties' submissions and review of the Administrative Record ("AR") [Dkt. # 22-2, 22-3], the Court will uphold the agency's decision and dismiss the case for the reasons explained more fully below.

## BACKGROUND

The Complaint and Administrative Record establish the following events.  Plaintiff was an hourly employee at a Philadelphia-based subsidiary of Bethlehem Steel Corporation – Bethlehem & New England Railroad Company – from November 8, 1973 to July 19, 1975, when he was laid off.  Plaintiff returned to work for the company on June 17, 1978, and he worked there until November 22, 1995, when he was again laid off.  On December 4, 1996, at age 42, plaintiff resigned from the Company with 22.17 years of service.

Plaintiff was a participant in the Bethlehem Steel Corporation Pension Plan.  On July 2, 1999, the Company's Benefits Service Center notified plaintiff that he was eligible for a deferred vested pension benefit under the Bethlehem Railroad Subsidiaries 1991 Hourly Pension Plan ("Plan"), and that he could begin receiving monthly payments on October 1, 2016, at age 62.  From 1999 to 2003, plaintiff requested immediate payments under the Plan's Rule-of-65 retirement provisions set out at Section 2.7.[1]  Plaintiff's requests were denied because the total of his age at the time he left the company, 42, and his years of service, 22.17, fell short of 65.

## I.      PBGC Designation

The Plan terminated effective December 18, 2002, without sufficient assets, and PBGC became statutory trustee of the Plan on April 29, 2003.  AR 131-35.  PBGC is a wholly owned U.S. government corporation within the Department of Labor that generally guarantees pension plan benefits.  *See* 29 U.S.C. §§ 1302, 1322.  When a covered plan terminates without sufficient assets, PBGC "typically becomes the statutory trustee of the plan, takes over the plan's assets and

---

1   The Plan's Rule-of-65 Retirement provision states in part:

> Any Participant (i) who shall have had at least 20 years of Continuous Service as of his last day worked, (ii) who has not attained the age of 55 years, and (iii) whose combined age and years of Continuous Service shall equal 65 or more but less than 80, and

> (a) whose Continuous Service is broken by reason of a layoff or disability, or

> (b) whose Continuous Service is not broken but who is absent from work by reason of a layoff resulting from his election to be placed on layoff status as a result of a permanent shutdown of a railroad, department or subdivision thereof, . . .

> shall be eligible to retire on or after March 31, 1991, and shall upon his retirement . . . be eligible for a pension[.]

AR 32-33.

liabilities, and pays guaranteed benefits to plan participants and their surviving beneficiaries."
Def.'s Mem. of P. & A. at 2.  PBGC's determinations are based on the Plan's terms, statutory
limits, and PBGC regulations.  *Id.*

## II.     Plaintiff's Benefits

In August 2010, PBGC informed plaintiff that he was entitled to deferred retirement
benefits.  He could receive a monthly pension payment of $229.29, "based on [the] benefit starting
on 10/1/2019 [at his normal retirement age of 65] in the form of 'Straight Life Annuity with No
Survivor Benefits,'" or a monthly payment of $298.10 if he chose to retire at age 62 on the "Earliest
Unreduced Retirement Date."  Compl. Attach., ECF p. 57.[2]

In September 2010, plaintiff appealed PBGC's determination to the Appeals Board.  He
claimed that he was entitled to an additional $400 per month under the Plan's Rule-of-65 provision,
as well as a monthly payment of $401 under the Plan's permanent disability benefit provision.  In
a decision issued on October 12, 2011, the Appeals Board rejected plaintiff's claim for additional
benefits but informed plaintiff that he was entitled to a deferred monthly benefit higher than that
calculated by PBGC.  According to the Appeals Board, plaintiff was entitled to monthly payments
of $435.71, if he chose to receive benefits at age 62 or age 65.  Compl. Attach., ECF pp. 95-104

---

2     In support of his allegations, plaintiff has cited a number of exhibits attached to the Complaint,
but the exhibits are not marked in the court's record for identification purposes and thus cannot be
located by the exhibit numbers plaintiff cites.  When referring to plaintiff's exhibits, the Court will
cite the page number assigned by the electronic case filing system.

("Oct. 12, 2011 Dec.").[3]  If plaintiff chose to begin receiving benefits at age 60, he was entitled to

monthly payments of $435.71 up until age 62, and monthly payments of $354.95 thereafter.  *Id.*

The Appeals Board considered plaintiff's dispute with records showing the calculation of

his continuous service starting from October 4, 1974, rather than from his November 8, 1973 hire

date.  The Board explains the discrepancy as follows:

> As shown [in chart] above, you were on layoff for two years, 10 months and
> 28 days between July 19, 1975 and June 17, 1978.  Please note that only the
> first two years of that layoff count as continuous service in calculating your
> pension.  To simplify pension calculations, it was common practice for
> Plans to adjust a participant's original date of hire in situations involving
> breaks in service instead of accounting for two or more separate periods of
> continuous service.  Bethlehem's Plan Administrator used an October 4,
> 1974 adjusted date of hire for you, which is 10 months and 28 days after
> your actual date of hire (November 8, 1973).

Oct. 12, 2011 Dec. at 3.  The Appeals Board found that plaintiff "terminated" his "employment by

'Quit with Notice' on December 4, 1996," and that given his age of 42.17 years and his continuous

service of 22.17 years, he qualified for "a 40/15 Deferred Vested Pension under the provision of

the 1991 Railroad Hourly Plan."  *Id.*  He therefore was entitled to the foregoing unreduced benefit

beginning at age 62 or the reduced benefit beginning at age 60.  *Id.*  The Board noted that plaintiff

had supplemented his appeal with a letter from an Authorized PBGC Representative and one from

a Labor Relations Manager, and it concluded that "both letters confirm your entitlement to a

Deferred Vested Pension."  *Id.* at 3 n.1.

---

3     Defendant has filed both a redacted and an unredacted version of the Administrative Record,
the latter of which is under seal.  An unredacted version of the Appeals Board's decision central
to the disposition of this case appears in the public record as an attachment to the Complaint.  In
addition, plaintiff has cited freely to the unredacted decision, and he has set out his earnings
information and work history in the complaint's allegations.  Accordingly, the Court will cite to
the unredacted decision.

The Appeals Board also considered plaintiff's claim that he was entitled to a disability retirement benefit because he had been "permanently disabled for the last three years." Oct. 12, 2011 Dec. at 6. *See* Pl.'s Opp. at 3 (stating that he became totally disabled on or about January 2, 2008). Under Section 2.5 of the Plan captioned "Permanent Incapacity Retirement," a participant with at least fifteen years of continuous service who became "permanently incapacitated" could retire "on or after March 31, 1991 and . . . be eligible for a pension." AR 31. The Appeals Board rejected plaintiff's claim as follows:

> PBGC's regulations require that, to be entitled to a guaranteed benefit from PBGC, a participant must satisfy the conditions of the plan necessary to establish the right to receive the benefit before the earlier of the date the participant's employment ended [December 4, 1996] and the date the plan terminated [December 18, 2002]. Thus, in order for you to be eligible for the Plan's Permanent Incapacity Retirement, you had to have met the conditions under Plan section 2.5 on or before December 4, 1996, the date your employment terminated. Although you did have the required 15 years of continuous service, you did not meet the Plan's definition of total and permanent disability as of that date. Therefore, you are not entitled to a Permanent Incapacity Retirement.

Oct. 12, 2011 Dec. at 7.

## STANDARD OF REVIEW

### I.      Motion to Dismiss

In evaluating a motion to dismiss under Rule 12(b)(6), the court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), because such complaints are held "to less stringent standards than formal pleadings drafted

by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).   Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.   *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

In ruling on a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997).

## II.     Agency Action

The decision of the PBGC Appeals Board is final agency action that is subject to judicial review under the Administrative Procedure Act ("APA").   *See Lewis v. Pension Benefit Guar. Corp.*, 40 F. Supp. 3d 147, 151 (D.D.C. 2014) (citing cases).   A court must set aside agency action as unlawful if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."   5 U.S.C. § 706(2)(A).   "Although 'searching and careful,' the ultimate standard of review is a narrow one[,] and the court is not empowered to substitute its judgment for that of the agency."   *Tech Sys., Inc. v. United States*, 98 Fed. Cl. 228, 243 (2011), quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971).   "Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962); *see accord Chamber of Commerce of United States of Am. v. Nat'l Labor*

*Relations Bd.*, 118 F. Supp. 3d 171, 182 (D.D.C. 2015); *Zevallos v. Obama*, 10 F. Supp. 3d 111, 118 (D.D.C. 2014).

Upon review, an agency's decision is upheld "so long as the agency 'engaged in reasoned decision making and its decision is adequately explained and supported by the record.'" *Clark County v. FAA*, 522 F.3d 437, 441 (D.C. Cir. 2008), quoting *N.Y. Cross Harbor R.R. v. STB*, 374 F.3d 1177, 1181 (D.C. Cir. 2004). "Indeed, nothing more than a 'brief statement' is necessary, as long as the agency explains 'why it chose to do what it did,'" and "the court can 'reasonably discern[ ]' the agency's path." *Coe v. McHugh*, 968 F. Supp. 2d 237, 240 (D.D.C. 2013), quoting *Tourus Records, Inc. v. Drug Enforcement Admin.*, 259 F.3d 731, 737 (D.C. Cir. 2001); *Pub. Citizen, Inc. v. FAA*, 988 F.2d 186, 197 (D.C. Cir. 1993) (bracket in original).

As directly applicable here, judicial review of a benefits determination is limited to the record that was "available to the administrator or fiduciary at the time the decision was made." *Lee v. Hartford Life & Acc. Ins. Co.*, 928 F. Supp. 2d 51, 57 (D.D.C. 2013) (citations and internal quotation marks omitted).  So, the "focal point for judicial review [is] the administrative record already in existence, not some new record made initially in the reviewing court." *Camps v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam).

## ANALYSIS

The Appeals Board's decision is amply supported by the Administrative Record and thus cannot be disturbed.  Pointing to plaintiff's employment records, the Board concluded that plaintiff did not qualify for immediate pension payments under the Plan's Rule-of-65 because his age when his employment ended (42.17) plus his years of continuous service (22.17) did not equal at least

65.[4]  Plaintiff suggests that the Appeals Board failed to consider Section 5.1(b)(4)(ii) of the Plan governing continuous service determinations.  That provision requires that any break in service be removed if an employee "is absent on account of layoff or disability in excess of two years" and returns to work "within three years or the excess, if any, of his length of Continuous Service at commencement of such absence over two years, whichever is less."  Pl.'s Opp. at 3.  Plaintiff has not pointed to any place in the Administrative Record where that specific issue was raised.  Nevertheless, defendant explains in its reply that the provision does not apply because plaintiff's continuous service at the time he was laid off was one year and eight months; thus, below the two-year threshold.  *See* Def.'s Reply at 3.  To the extent that plaintiff has a different interpretation of the continuous service provision, *see* Pl.'s Surreply at 2-3 [Dkt. # 29], he should have presented it at the administrative level.

As for plaintiff's claim for disability retirement benefits, the Appeals Board pointed to PBGC's regulations and Section 2.5 of the Plan and concluded that plaintiff did not qualify for disability retirement benefits because he was not "totally and permanently disabled" on the controlling date of December 4, 1996, when his employment ended.  Oct. 12, 2011 Dec. at 6-7.  In fact, the Board's finding that plaintiff was ineligible to receive disability benefits because he had

---

4       In his opposition, plaintiff states that "he was still an active employee" after December 4, 1996, and he suggests that he worked two years beyond his resignation date to qualify for benefits under the Rule-of-65 provision.  Plaintiff does not cite the Administrative Record.  Rather, he cites two exhibits to the complaint, *see* Pl.'s Opp. at 2, which the Court will not cite directly since they include unredacted personal identifiers.  Neither exhibit is supportive.  One exhibit is a document dated July 2, 1999, which lists plaintiff's termination date as December 4, 1998.  But that year is undoubtedly a typographical error since the other pertinent information – plaintiff's age and continuous years of service – is identical to that appearing in every other document in the Administrative Record showing his end date as December 4, 1996.  The other exhibit plaintiff offers is an earnings statement containing a "pay period" dated March 13, 1997.  Plaintiff states that no "company would continue to pay an employee if they were no longer employed."  Pl.'s Opp. at 2.  But the statement is that of a profit-sharing check from the Employee Stock Option Plan, not a paycheck.

been "permanently disabled [only] for the last three years," Oct. 12, 2011 Dec. at 6, corresponds timewise with plaintiff's statements in his pleadings that he was diagnosed as totally disabled in January 2008.

## CONCLUSION

Defendant's decision to deny additional pension payments to plaintiff is rationally based, adequately explained, and fully supported by the Administrative Record.  Therefore, defendant's motion to dismiss is granted.  A separate order accompanies this Memorandum Opinion.


AMY BERMAN JACKSON
United States District Judge

DATE:   September 9, 2016